UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

    *Plaintiff*,

    v.

DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, *et al.*,

    *Defendants*.

Case No. 26-02636 (RBW)

## <u>REPLY IN SUPPORT OF MOTION TO CONSOLIDATE<br>AND TO EXTEND ANSWER DEADLINE</u>

Defendants, the U.S. Department of Housing and Urban Development ("HUD"), Scott Turner, in his official capacity as Secretary of HUD, the U.S. General Services Administration ("GSA"), Edward Forst, in his official capacity as Administrator of GSA, the Government National Mortgage Association ("Ginnie Mae"), and Joseph Gormley, in his official capacity as the President of Ginnie Mae (collectively "Defendants") by and through their counsel, respectfully submit this reply in support of their combined motion.

On the issue of consolidation, the *Total Fright* plaintiffs agree. The cases, while filed by separate plaintiffs, arise from the same events and make substantially similar claims under the APA. Moreover, they both seek the same relief—a move back to the Weaver building. While Defendants are still coordinating with each other, they would generally rely on the same defenses against the APA allegations. Indeed, they plan to file one comprehensive motion to dismiss.

Should the Court agree that consolidation is appropriate, the matter would be governed by one schedule. Contrary to Plaintiffs' contention, the request for an extension is made in good faith.

1

The request is modest and aligns with the existing deadline in the *District of Columbia* case. HUD's move to Alexandria was publicly announced in 2025. From May to June 2026, the majority of HUD and Ginnie Mae's personnel relocated to Alexandria, while some remain in D.C.

At bottom, there is no emergency. The *Total Fright* Plaintiffs have not moved for emergency relief, and they waited to file suit more than one-year after the move was publicly announced. Moreover, opposing the extension on the basis that it delays the production of the Administrative Record also ignores Defendants' ability to move for an extension of time if production of the Administrative Record at the time of dispositive motions is not feasible. *See* Civil Standing Order 7(b)(3). As Plaintiffs well know, these matters involve complex sets of facts and several government agencies. These various agencies require time to coordinate their defenses and are working hard to prepare a comprehensive, single, motion to dismiss[1].

For the reasons set out above and in Defendants' motion, an extension of time is appropriate.

Dated: August 7, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Amanda L. Torres
AMANDA L. TORRES, D.C. Bar #1562702
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2507

*Attorneys for Defendants*

---

[1] Defense counsel has over 98 ongoing matters, including several dispositive motions due in the next several days, and at least one emergency matter before Judge Howell which she was assigned on the evening of August 6. Moreover, she is on pre-approved leave August 26-31, 2026.